*Craddock* for plaintiff.

---

# Triplett *vs* Vandegrift.

## ERROR TO THE FRANKLIN CIRCUIT.

### *Chancery practice.*

JUDGE SIMPSON delivered the opinion of the Court.

VANDEGRIFT filed his bill in chancery, alledging that he had a large account with one Boyer, in his life time, principally for lumber, upon the settlement of which he executed his note to him for one hundred and fifty-one dollars and seventy-five cents. That upon an examination of the account since the settlement, he has ascer-

tained that he was erroneously charged with the sum of sixty dollars and eighty-eight cents; and that the note was executed so as to include that sum through mistake.

He further alledges that Boyer has since died, having in his lifetime assigned said note to James Managan, who brought suit thereon, and recovered judgment. He prayed for and obtained an injunction, restraining the collection of the amount of the alledged mistake, and made James Managan and Boyer's administrator defendants.

George W. Triplett thereupon presented his petition to the Court, to be made a defendant; in which he states that Boyer assigned said note to him in blank; that he filled up the assignment to Jas. Managan, a fictitious name, assumed by him for the purpose of bringing suit on the note, there being no person of that name, so far as he knows; that the debt still belongs to him, and no other person has any interest in it whatever.

The motion of Triplett was opposed by the complainant, and overruled by the Court; and by the consent of the parties, a writ of error is prosecuted to the decision of the Court below on this point.

It was certainly an abuse of the process of the law to bring the suit in a fictitious name. The suit might have been abated for this cause, had it been relied upon in proper time by a plea in abatement.

The petitioner being the person beneficially interested in the matter in controversy, and not having acquired his interest since the commencement of the suit at law, ought to be permitted to become a party, unless he has by his own conduct, deprived himself of this right.

It does not appear that he was influenced by any improper motive in carrying on the suit at law in a fictitious name, or that any undue advantage was sought by it. Still his conduct was reprehensible, and was an evident abuse of legal authority; yet being unaccompanied by any fraudulent or overreaching design, to give it the effect of excluding him as a party from the right of litigating with the complainant, the equity relied upon by him in his bill affecting a portion of the

*Where the owner of a note assigned it to a fictitious person, and sued and recovered judgment on bill filed by defendant injoining the judgment, the real owner should be made a party and permitted to defend. Though it was an abuse of the process of the Court, yet as no fraud appeared, and no injury to the debtor, the creditor should yet be deprived of his right to defend, and have his debt if entitled to it.*

judgment at law, would be imposing a penalty dispro-portioned to the nature of the offence.

We think, therefore, the Court should have permitted him to file his petition, and have required the complainant to make him a party. His answer, when filed, should be regarded as the answer of the plaintiff at law, whose name he assumed, if the facts in the petition be true.

Wherefore, the order overruling the motion of the plaintiff in error to be made a party is reversed, and cause remanded, that the motion may be sustained, and for further proceedings consistent with this opinion.

*Herndon* for plaintiff; *Hewitt* for defendant.